IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TWO-JAY THREE, INC. | * |
| | * |
| v. | * |
| | *   Civil No. JFM-10-361 |
| | * |
| BIMBO FOODS BAKERIES | * |
| DISTRIBUTION, INC. | * |
| | ***** |

MEMORANDUM

There are presently pending in this action two motions: plaintiff's motion to remand and defendant's motion to dismiss. The motion to remand will be denied, and the motion to dismiss will be granted.

This court is familiar with the underlying facts of this case by virtue of having presided over a temporary restraining order hearing in a previous action instituted by plaintiff against defendant. *See Civil Action No. JFM-09-3367*. Accordingly, only a summary statement of the reasons for my rulings is necessary.

First, although plaintiff has limited its claim to $50,000 in damages, it is clear that an amount in excess of $75,000 is in dispute in this case. At bottom, the dispute is about whether plaintiff or defendant should be able to distribute defendant's products in a geographic area defined by the agreement between the parties. Plaintiff has itself placed a value upon the distribution rights in the approximate amount of $150,000: the amount it paid for the distribution rights. Moreover, because defendant asserts (with a factual basis, as found by this court, when relying upon plaintiff's request for a temporary restraining order in Civil Action No. JFM-09-3367) that defendant may well lose substantial good will if was not permitted to take over the

distribution of its own products in the defined geographic area.  Therefore, under the value of the object of the litigation test that must be applied, *see Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *Gonzalez v. Fairgale Properties Co., N.V.,* 241 F.Supp. 2d 512, 517 (D. Md. 2002).  The amount in controversy exceeds $75,000.

As to defendant's motion to dismiss, plaintiff's position is that defendant wrongfully terminated the distribution agreement.  This allegation depends upon the underlying assumption that there was no factual basis for defendant to terminate the agreement between the parties.  However, there are absolutely no facts alleged to support that assumption, and the complaint therefore does not state a plausible claim for relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date:   April 6, 2010

__/s/_____
J. Frederick Motz
United States District Judge